UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SERGIO ALEJANDRO AGUILAR,**

   Petitioner,

v.                                                                    No. 4:25-cv-0808-P

**ERIC GUERRERO, DIRECTOR,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

   Respondent.

## OPINION AND ORDER

Before the Court is the petition of Sergio Alejandro Aguilar under 28 U.S.C. § 2254. Having considered the petition, the response, the reply, the record, and applicable authorities, the Court concludes that the petition must be **DENIED**.

## BACKGROUND

Petitioner is serving a term of imprisonment of fifty years following his conviction in Cause No. 1751244R in the 371st District Court, Tarrant County, Texas, for continuous violence against the family enhanced by a prior aggravated robbery conviction. *Aguilar v. State*, No. 02-22-00271-CR, 2023 WL 6631526 (Tex. App.—Fort Worth Oct. 12, 2023, pet. ref'd). The Second Court of Appeals affirmed the sentence, although it reversed one of the convictions as being violative of the double-jeopardy protections contained in the Texas Penal Code. *Id.* On December 20, 2023, the Texas Court of Criminal Appeals ("CCA") refused the petition for discretionary review. *Id.*; *Aguilar v. State*, PD-0797-23 (Tex. Crim. App. Dec. 20, 2023).

On March 18, 2025, Petitioner filed his state habeas application. ECF No. 14-23 at 33. On July 21, 2025, while the state writ was pending, he

filed his federal habeas petition.[1] ECF No. 1. On October 9, 2025, the CCA denied relief based on the findings of the trial court and the CCA's own independent review. ECF No. 14-24.

## GROUNDS OF THE PETITION

Petitioner raises three grounds for relief based on alleged ineffective assistance of counsel, prosecutorial misconduct, and cumulative error. ECF No. 1 at 5, 7 & 8.[2]

## APPLICABLE LEGAL STANDARDS

**A.   Section 2254**

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.

---

[1] Although the federal petition was prematurely filed, the Court is satisfied that it has jurisdiction to rule. *See Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987) (requirement that a petitioner first exhaust his state remedies is based on comity, not jurisdiction)). Petitioner's state court remedies have now been exhausted.

[2] The page number references to the petition are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system.

86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

3

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a substantially higher threshold than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Petitioner alleges that his counsel provided ineffective assistance because counsel failed to: (1) conduct an adequate pretrial investigation; (2) file a motion to quash for multiple prosecutions and double jeopardy; (3) call several fact witnesses; and (4) establish a proper defensive strategy. ECF No. 1 at 5. The allegations are wholly conclusory and unsupported and fail to raise a proper ground for relief. *Miller*, 200 F.3d at 282; *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Moreover, Petitioner has made no attempt to rebut the presumption of the correctness of the CCA's findings in this regard. *See* ECF No. 10 at 14–16 (citing extensive findings of trial court regarding alleged ineffective assistance of counsel). He has not met his burden to proceed here. *Shinn v. Kayer*, 592 U.S. 111, 118 (2020).

In his second ground, Petitioner alleges that the State engaged in prosecutorial misconduct in charging him with different offenses arising out of the same criminal conduct. ECF No. 1 at 7. Again, the allegation is wholly conclusory and unsupported. The Court is not aware of any authority prohibiting a prosecutor from pursuing a multi-count indictment arising from a single act. *See, e.g., Ball v. United States*, 470 U.S. 856, 861–65 (1985) (convicted felon may be prosecuted simultaneously for violation of different statutes but may not be

4

punished twice for the same offense). Indeed, the state court of appeals granted Petitioner relief under double-jeopardy principles. *Aguilar*, 2023 WL 6631526, at *4–*6 (vacating conviction on count three, a discrete act of bodily-injury assault that could have been charged as a lesser-included offense of a continuous-violence offense such as count four). Thus, claim of prosecutorial misconduct became moot. *United States v. Perez-Ceballos*, 907 F.3d 863, 866 (5th Cir. 2018). The CCA rejected this claim and Petitioner has not shown that he is entitled to relief. *See* ECF No. 10 at 19–20 (citing findings and conclusions).

Finally, in his third ground, Petitioner refers to "cumulative errors," citing a laundry list of conclusory allegations, to wit: right to a fair trial, prosecutorial misconduct, double jeopardy violation, and ineffective assistance of counsel.[3] As Petitioner has not established any error, there is nothing to cumulate. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (en banc). *See Valdez-Villalobos v. United States*, No. 3:20-cv-3476-D-BH, 2023 WL 9327355, at *13 (N.D. Tex. Oct. 3, 2023) (where movant fails to establish ineffective assistance under *Strickland* or any of his other claims he is not entitled to relief based on cumulative error), *adopted*, 2024 WL 235186 (N.D. Tex. Jan. 22, 2024).

## CONCLUSION

For the reasons discussed herein, all relief sought by Petitioner is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **4th day** of **February 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner refers to a memorandum of law, but no such document was filed.

5